UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| STEVEN SHIVERS, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) No. 3:15-cv-00446 |
|  | ) Senior Judge Haynes |
| CHERRY LINDAMOOD, *Warden*, COURT, | ) |
| Respondent. | ) |

## MEMORANDUM

Petitioner Steven Shivers filed this action seeking the petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 to set aside his state convictions for attempted first degree murder and especially aggravated robbery for which Petitioner received a sentence of forty-three years.

In 2009, a Davidson County, Tennessee Criminal Court jury convicted Petitioner of attempted first-degree murder and especially aggravated robbery, and Petitioner received a sentence of twenty-five years at thirty percent for the attempted murder and to a consecutive eighteen years at one hundred percent for the especially aggravated robbery. *State v. Shivers*, No. M2009-02079-CCA-R3-CD, 2011 WL 6382552, at *1 (Tenn. Crim. App. Dec. 19, 2011), *perm. app. denied* (Tenn. Apr. 11, 2012). On December 19, 2011, the Tennessee Court of Criminal Appeals affirmed the trial court's judgment. *Id.* at *13. The Tennessee Supreme Court denied discretionary review on April 11, 2012. *Id.* at *1.

Petitioner filed a *pro se* petition for state post-conviction relief on April 2, 2013.[1] (Original

---

[1] Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002) and *Scott v. Evans*, 116 Fed. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. Here, Shivers signed his state post-conviction petition on April 2, 2013, so the petition is considered "filed" on that date rather than on the date the petition actually was received by the Clerk of Court.

PC Petition, Docket No. 25-18 at 27, Page ID# 1327). With the benefit of counsel, he filed an amended state petition on September 12, 2013. (Amended PC Petition, Docket No. 25-18 at 60, Page ID# 1360). On January 14, 2014 after an evidentiary hearing, the post-conviction trial court denied the petition . (Order, Docket No. 15-18 at 70). Petitioner's counsel filed a notice of appeal on March 4, 2014. (Docket No. 25-18 at 79). On April 7, 2015, the Tennessee Court of Criminal Appeals dismissed the appeal as untimely. *Shivers v. State,* No. M2014-00455-CCA-R3-PC, 2015 WL 1598050 (Tenn. Crim. App. Apr. 7, 2015), *perm. app. denied* (Tenn. July 20, 2015). The Tennessee Supreme Court denied discretionary review on July 20, 2015. *Id.*

On April 13, 2015, the Petitioner filed this action asserting three claims for relief:

| | |
|---|---|
| Claim 1: | The trial court committed plain error when it ordered his sentences to be served consecutively. |
| Claim 2: | Petitioner received ineffective assistance from his trial counsel. |
| Claim 3: | Generally, at trial there was judicial misconduct, malicious prosecution, a denial of fair trial, a denial of the right to be present at every material stage of trial, a miscarriage of justice, and a denial of due process of law. |

(Petition, Docket No. 1 at 1, Page ID# 1). Petitioner named the Davidson County Criminal Court as the Respondent. (Docket No. 1). By amended Order entered on July 10, 2015, the Court substituted Cherry Lindamood, the Warden of the South Central Correctional Facility where the State confines the Petitioner, as the proper Respondent. (Docket No. 11).

After a preliminary examination, the Court concluded that Petitioner stated a colorable claim for relief. Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States

District Courts, the Court ordered the Respondent to answer or otherwise respond to the petition. (Order, Docket No. 11, PageID# 18). Upon consideration of the record, the Court concludes that an evidentiary hearing is not needed. *See Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is not entitled to relief). Therefore, the Court shall dispose of the petition as the law and justice requires. Rule 8(a), Rules — § 2254 Cases.

Before the Court is Respondent's motion to dismiss this action as untimely because Petitioner filed his petition 325 days after the governing one-year statute of limitations expired. (Docket No. 26). Petitioner has not responded to the Respondent's motion.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq.*), prisoners have one year within which to file a petition for *habeas corpus* relief which runs from the latest of four (4) circumstances:

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1)(A).

The AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Ege v. Yukins*, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. *See Bennett v. Artuz*, 199 F.3d 116, 122 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period recommences. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)(citing *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

Here, the Petitioner does not assert that the State has prevented him from filing his federal habeas petition in a timely fashion and in violation of his constitutional rights. Thus, 28 U.S.C. § 2244(d)(1)(B) is inapplicable. Nor does the Petitioner allege that his claims arise out of new constitutional rights to be applied retroactively; therefore, 28 U.S.C. § 2244(d)(1)(C) is inapplicable. Petitioner's claim does not fall under the new factual predicate test of 28 U.S.C. § 2244(d)(1)(D). Thus, 28 U.S.C. § 2244(d)(1)(A) represents applicable statute of limitations under 28 U.S.C. § 2244(d)(1).

The state record reflects that Petitioner's judgment became final after direct review on July 10, 2012.[2] On April 2, 2013, when Petitioner filed his state post-conviction petition, 266 days of the federal habeas limitations period had expired. The state post-conviction court denied the

---

[2] On April 12, 2012, the ninety (90) day period within which the prisoner could file a writ of *certiorari* with the United States Supreme Court began. *See Fed. R. Civ. P.* 6(a)(1)(a) (when the governing time period is stated in days, the court excludes the day of the event that triggers the period; thus, here, April 11, 2012, is excluded). During the ninety (90) day period, the AEDPA's one-year limitations period is tolled. *See Clay*, 537 U.S. 522, 532. The ninety (90) day period ended on July 10, 2012. *See Fed. R. Civ. P.* 6(a)(1)(c)(when the governing time period is stated in days, the court includes the last day of the period with exceptions that do not apply here).

4

petitioner's state post-conviction petition on January 14, 2014, and the Petitioner did not file a timely notice of appeal. Thus, after the post-conviction court's denial of the petitioner's state post-conviction petition, the federal habeas limitations period remained tolled only until the time expired for the Petitioner's filing of his notice of appeal, that was 30 days after January 14, 2014, namely February 13, 2014. See Tenn. R. App. 4(a). At that time, the Petitioner had only 99 days remaining for the federal habeas limitation statute. Petitioner filed his federal habeas petition on April 13, 2015, 424 days later (Docket Entry No. 1) that is **325 days** beyond the expiration AEDPA's one-year limitations period. Thus, the Court concludes that this action is untimely.

Although the Petitioner's § 2254 petition is untimely, the one-year limitations period may be equitably tolled for exceptional circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Petitioner bears the burden to persuade the Court that he is entitled to equitable tolling. *McSwain v. Davis*, 287 Fed. Appx. 450, 455–456 (6th Cir. 2008) (collecting cases). Petitioner has not alleged or asserted plausible facts to invoke equitable tolling.

For these reasons, the Court concludes that Petitioner's § 2254 petition is untimely and the Respondent's motion to dismiss should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 21st day of December, 2015.

_____
WILLIAM J. HAYNES, JR.
Senior United States District Judge

5